53 So.2d 635 (1951)
TEEL
v.
SAPP.
Supreme Court of Florida, Division A.
July 6, 1951.
Joe E. Hodges, Lake City, for appellant.
E.A. McCall, Jasper, for appellee.
THOMAS, Justice.
In this case the appellee sought to have vacated a decree of divorce in favor of the appellant on the ground that the basal affidavit for service bore the false statement that the appellee's address was not known. He also prayed that he be granted a divorce and that he be awarded the custody of the child of the parties.
The decree now before us contains the finding that the appellant knew the address of her husband when she filed the affidavit in the former suit that she did not, and that her motive was to win her case without his having an opportunity to be heard.
After reaching this conclusion the chancellor expressed the opinion that "ordinarily under these circumstances" he would set aside the decree, grant the appellee a divorce and place the care of the child in him, but that he was dissuaded from this course by the facts that the mother, appellant, had remarried and was enceinte.
The upshot of the controversy was the denial of the prayers for divorce and vitiation of the former decree and the grant of the prayer for custody of the child. It is the provision of the decree in respect of the child that the appellant expressly challenges and, we think, justly.
The little girl, now two years old, had been placed with the mother under the decree of divorce and there she should remain. We have often said that children of tender years should be put in the care of their mothers, who are by nature better equipped to rear them. Of course an exception is made in the case of a mother who is proved morally unfit, but such is not the situation here even assuming that the affidavit in the original case contained an untrue statement of the affiant's knowledge of the appellee's whereabouts. That would not reflect a character so depraved as to render the mother an improper parent to nurture her own child. We doubt if the chancellor had that thought either for he observed in his decree, not that the child would be bettered by the change of custody; but that she would be "just as well off in his [the father's] care." (Italics supplied.)
We apprehend that the chancellor in dealing with the problem used as a guage *636 the relative advantage to the appellant and appellee because he prefaced that part of the decree transferring custody to the father with the remark that he was "firmly of the opinion that the defendant [appellant] should not be allowed the full fruit-age of [the] aforesaid conduct," meaning the manner of obtaining the divorce based on the questionable affidavit, but the comparative happiness of the parents is not the criterion. The mother could not thus be penalized or the father indemnified on account of the defective affidavit for service. The paramount consideration, as we have often decided, is the welfare of the child regardless of the treatment accorded one parent by the other unless the conduct of the erring parent demonstrates moral unfitness. By standards long since established by this court Bobby Jean Sapp should continue to reside with her mother and that part of the decree disturbing her custody is reversed.
We find no error in the manner of dealing with the request for attorney's fees.
Reversed in part; affirmed in part.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.