59 So.2d 874 (1952)
NICHOLS ENGINEERING & RESEARCH CORP.
v.
STATE ex rel. KNIGHT et al.
Supreme Court of Florida, Special Division B.
August 22, 1952.
Evans, Mershon, Sawyer, Johnston & Simmons, Herbert S. Sawyer and Atwood Dunwody, Miami, for appellant.
J.W. Watson, Jr., Miami, for appellees.
TERRELL, Justice.
For the third time we are confronted with a taxpayers class suit to enjoin the construction of an incinerator by the City of Miami. See, State ex rel. Knight v. City of Miami, Fla., 53 So.2d 636, first appearance. Opinion second appearance, Hinds v. State ex rel. Knight, Fla., 59 So.2d 634. The instant suit was brought February 29, 1952. The City of Miami seasonably moved to dismiss the complaint and on same date filed its answer and counterclaim, the latter praying that plaintiffs be enjoined from instituting further suits of the like character. Plaintiffs having failed to answer or defend the counterclaim a default and decree pro confesso were entered against them. The City of Miami moved for summary judgment under the rule.
On petition of Nichols Engineering & Research Corporation it was permitted to intervene and file an answer. Evidence was taken, the motion for summary judgment was granted and the bill of complaint was dismissed with prejudice. The decree pro confesso was approved and the plaintiffs and those in like situation were perpetually restrained from instituting any *875 other suit for the purpose of challenging the right of the City of Miami to construct an incinerator on the land designated for that purpose. The present appeal is from this decree.
The point for determination is whether or not the decree so entered was free from error.
We think this question requires an affirmative answer. It is shown that appellant was the successful bidder to construct the incinerator and that it was awarded the contract subject to sale of the certificates validated by this Court in State v. City of Miami, Fla., 55 So.2d 715. It is essential that this and any other question as to right to proceed with the construction be removed. It is further revealed from the record that there is no material difference in the parties, the issues involved and the purpose of this suit and the other two suits referred to in the forepart of this opinion.
The record further shows that the City Commission and the Planning Board have taken all steps necessary and performed all prerequisites required by Section 72 and other provisions of the City Charter essential to construction of the incinerator. The plans and specifications call for its construction on the lot designated. Chapter 27728, Special Acts of 1951, authorizes its construction by the city and designates it a governmental function.
The only objection raised by appellees is that the property on which the incinerator is to be located has not been adequately zoned for that purpose. In our view the steps taken by the city, including Chapter 27728, completely overcome any objection raised by appellees. Since the parties here are the same as those in the other two suits, and they are seeking the same relief based on the same ground, they are estopped to further prosecute the cause.
The decree appealed from is therefore affirmed.
Affirmed.
SEBRING, C.J., and HOBSON and MATHEWS, JJ., concur.