TOWN OF GAITHERSBURG v. DOSH

[No. 54, October Term, 1952.]

*Decided January 9, 1953.*

The cause was argued before DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *Charles K. Davies, Jr.,* for appellant.

No brief and no appearance for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Montgomery County in equity, dismissing a bill of complaint brought for the purpose of enforcing by injunction Town Ordinance No. 20 against the keeping of livestock. While neither the pleadings nor the docket entries are printed in the appellant's appendix, it appears from the opinion of the Chancellor, which is printed, that a combined demurrer and answer was

filed to the bill, hearing on demurrer was waived and the case heard upon bill and answer, with an agreement "that the question for the court to pass upon is the validity of the ordinance." The opinion also states that the answer admitted the keeping of cows in excess of the number permitted by the ordinance, on a lot smaller than two acres in extent.

The bill, as summarized by the Chancellor, recites that the ordinance was duly passed on January 2, 1951, by the Mayor and City Council, providing that on and after July 1, 1951 it should be unlawful for any person, firm or corporation to keep or maintain cows, steers, bulls, or other bovine animals, or horses, or other livestock, within the corporate limits, "provided that this ordinance shall not prohibit the keeping of not more than two (2) of such animals in a well fenced area of not less than two (2) acres of land", or "the display of livestock by entrants in fairs held at recognized fair grounds." A fine is provided of from $5.00 to $20.00 for each day of violation. The bill was filed by the Town on December 6, 1951 against Dosh, the owner of a lot within the city limits containing 16,000 square feet where he kept a cow stable and cows, after due notice to desist. There were allegations that the keeping of such animals was a source of rodents, flies and nauseous odors detrimental to the public health. These allegations were denied by the answer, which averred that the animals were kept in a stable erected in 1910 and kept in a good state of repair and sanitation. Since no testimony was taken, there was nothing to support a conclusion that the mere maintenance of the cow stable was a nuisance in fact. Under the agreement of submission referred to by the Chancellor, it would seem that no question of the abatement of a nuisance is involved, the Town relying solely upon the validity of the ordinance. Nor does it appear that any question, as to whether relief in equity can be afforded in support of an ordinance carrying a criminal penality, was raised below, and we shall assume, without deciding, that the

bill was properly brought for the purposes of this case.

The appellant concedes that the keeping of cows is not a nuisance *per se*. There is abundant authority that the maintenance of a stable is not a nuisance *per se*. *Met. Saving Bank v. Manion*, 87 Md. 68, 81, 39 A. 90 (livery stable) ; *King v. Hamill*, 97 Md. 103, 54 A. 625 (private stable) ; *Hagerstown v. B. & O. Ry. Co.*, 107 Md. 178, 68 A. 490 (cattle yard) ; *Maryland Council of Mount Airy v. Sappington*, 195 Md. 259, 73 A. 2d 449 (slaughterhouse and meat locker). In the case last cited, upon a full review of the authorities, it was held that a charter authorizing a municipality to prevent and remove nuisances, and expressly to regulate slaughterhouses, did not authorize an outright prohibition by ordinance. The appellant appears to concede that there is nothing in the charter of Gaithersburg contained in Section 18, Chapter 107 of the 1950 Code of Montgomery County, or in Section 2 (16), Article 23A of the Maryland Code of 1951, applicable to municipalities generally, to take the instant case out of the rule laid down in the case last cited. Neither of these statutes deals specifically with stables or cows. The appellant contends, however, that the case is distinguishable on the ground that the exceptions noted in the ordinance convert it from a prohibitory into a regulatory one.

We agree with the Chancellor that the ordinance "amounts to an outright prohibition." The record does not disclose whether the cows were kept for private use or in connection with a dairy business. In any event the power to "regulate * * * all places where offensive trades may be carried on" or "places which cause or may cause unsanitary conditions, or conditions detrimental to health", contained in Section 2 (16), Article 23A of the Code of 1951, is not a power to prohibit the keeping of animals except to the extent that the manner of their keeping may be within the scope of the general power "to prevent or remove nuisances." *State v. Mott*, 61 Md. 297, 308. If we assume, without deciding, that the power to regulate may include the power to exclude

from designated areas, and that the exceptions of tracts of more than two acres and fairgrounds is a rough sort of territorial designation, it is nevertheless true that in neither the prohibited area, which would seem to cover all the built-up sections of the town whether residential or commercial, nor in the area covered by the exceptions, is there any reference to the manner of keeping, type of structure or methods of sanitation, even remotedly related to matters of public health. Manifestly there could be a dirty stable, spreading rats, flies and bad odors, in a two-acre tract as well as in a smaller one.

We realize, of course, that the practice of keeping draft and dairy animals in urban or suburban areas is now rare and perhaps unnecessary, since the advent of the automobile and the delivery route. In many instances they are excluded by restrictive covenants or by zoning regulations. The charter of Gaithersburg contains zoning powers in Sections 66 et. seq. of Chapter 107 of the Montgomery County Code of 1950. It may be noted, however, that most zoning laws permit the continuance of nonconforming uses. The town, of course, can always abate a nuisance, if the fact can be established, even without an ordinance. Or it may seek wider powers from the Legislature. But we find no authority for the adoption of the ordinance in its present form under the existing statutes and we accordingly must hold that it is *ultra vires*.

*Decree affirmed, with costs.*