MYERS ET AL. *v.* CITY OF HAGERSTOWN

[No. 2, September Term, 1957.]

*Decided October 16, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Bruce C. Lightner* and *Francis H. Urner* for the appellants.

*Edward Oswald, Jr.,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Washington County sustaining a demurrer to and dismissing a bill of complaint filed by neighboring property owners against the proposed use of a sixty-two acre farm, owned by the City of Hagerstown and located about six miles from the City limits, for the dumping and disposal of garbage. It may be noted that the bill does not challenge the authority of the City to own, or use for its public purposes, the farm in question. Nor does the bill allege that such use has been commenced by the City, but merely that the City intends to use the farm for the purpose in the future. The bill alleges that the City operates a garbage and trash disposal system within the City limits, and that in recent years "said dump has become an increasing nuisance and threat to the health, comfort and safety of the citizens of Hagerstown * * * having become infested with rats and vermin and giving forth vile fumes, smoke and odors, and being constantly afire from burning waste matter producing gaseous stenches, dust and soot." The bill also recites that about two years ago the City caused an engineering study to be made of the existing dump, and that a

report based on the study disclosed that the practice of burying garbage at that site threatened the pollution of the subterranean water supply, and recommended that the dump be relocated. Following this report, the City purchased the farm in question.

The crucial allegations of the bill seem to be that the proposed use of the farm will disturb the peaceful enjoyment of the appellants' properties, in that "a more or less continuous stream of garbage and refuse bearing traffic" will pass their properties, and that the transfer of the dump will threaten health "through possible pollution of their sources of water supply, and the unleashing of rats, vermin, * * * vile fumes and various odors * * *." It is also alleged that there is a threat that there will be a continuous dropping or spilling of waste, refuse and garbage along the access roads. It is further alleged that the existing dump is acknowledged to be a public nuisance and a nuisance *per se,* and would be no less a nuisance if located as proposed.

We think the demurrer was properly sustained. If the existing dump is in fact a public nuisance, as alleged, it does not follow that the use of the farm in question will necessarily amount to a public nuisance. Not only does the bill fail to allege that the City proposes to use the same methods, or lack of methods, of disposal at the new site, but the reference to the report indicates that the main purpose of the relocation is to permit methods of disposal by burial and absorption, not possible at the old site. If, in fact, the proposed use does result in litter along the roads, noxious fumes from burning, vermin, or pollution of underground water, the City concedes that it could then be required to abate the nuisance or be liable for damages. In the light of the concession we need not discuss the point raised by the appellants that the City is exercising a proprietary and not a governmental function. The dismissal of the bill was without prejudice to any future application for proper redress.

It is generally held that a garage dump is not a nuisance *per se. Bruce v. Kansas City,* 276 P. 284 (Kan.) ; *Jezowski v. City of Reno,* 286 P. 2d 257 (Nev.) ; *State v. City of Miami,* 53 So. 2d 636 (Fla.) ; *Roberts v. Lower Merion Tp.,* 5 A. 2d 106 (Pa.). On the other hand, if a nuisance in fact

is clearly shown, the mere fact that the irreparable damage is prospective will not defeat relief. *Brainard v. Town of West Hartford,* 103 A. 2d 135 (Conn.). In *State v. Grillot,* 128 N. E. 2d 552 (Ohio), the court issued an injunction against the burning of refuse, but permitted daily burial without burning, in accordance with a sanitary fill method approved by health authorities.

While no Maryland case has expressly held that a garbage dump is not a nuisance *per se,* it has been so held in the case of slaughterhouses and stables. *Mount Airy v. Sappington,* 195 Md. 259; *Town of Gaithersburg v. Dosh,* 201 Md. 291. The closest case in point is *Baltimore City v. Sackett,* 135 Md. 56. There the chancellor overruled a demurrer to a bill for an injunction to restrain the City from carrying out a proposal to haul City garbage to a farm acquired by the City in Anne Arundel County, and there dispose of it by means of a temporary reducing plant and subsequently by feeding it to pigs. While the Court recognized the power to restrain a prospective nuisance, it held the allegations of the bill to be insufficient. The Court pointed out that disposal could be effected in such a way as not to constitute a nuisance. On the other hand, in *Baltimore v. Board of Health,* 139 Md. 210, where there were definite allegations that a proposal to dump animal refuse and dead animals in the open without sanitary precautions would amount to a nuisance and violation of the health regulations, it was held that the allegations were sufficient to call for an answer. In *Block v. Baltimore,* 149 Md. 39, the manner of transporting such material in open scows was alleged to be a present nuisance, and the Court held that an injunction might issue. In neither of these cases was the authority of the *Sackett* case questioned, and we think it is controlling here.

*Decree affirmed, with costs.*