ALLEN, Judge.
This case is before this Court for a hearing on the motion of the appellees to affirm the judgment below and upon an application by the appellant for oral argument on the motion to affirm.
We see no necessity for oral argument on this motion so the same is hereby denied.
The motion to affirm the judgment is based upon the decision of the Florida Supreme Court in Nock v. Wayble, Fla.1952, 59 So.2d 875, which held that:
“Where husband and wife entered into oral agreement whereunder all property owned by them was to be held as estate by entireties and each was to execute mutual and reciprocal wills devising bulk of estate to specified beneficiary, and such agreement was entered into prior to enactment of Married Woman’s Emancipation Act, agreement was not binding upon wife who survived husband, and wife could revoke will she had executed pursuant to agreement and could execute new will disposing of property differently. F.S.A. § 708.09.”
The Judge of the lower court sustained a mo.tion to dismiss the complaint of the appellant, as. plaintiff below, which complaint involved the validity of a new will by a married woman revoking a previous will allegedly made for a valuable consideration.
It is apparent to this court that the decree of the lower court should be affirmed upon' the authority of Nock v. Wayble, supra, as the will involved in this case was made prior to the Emancipation Act.
The appellant, in his brief, in opposition to the motion of appellees to affirm, states:
“Appellees have completely ignored Point No. 2 as set out in Appellant’s Brief, which is as follows:
“ ‘Can equity impress a constructive trust upon the assets of the estate of a decedent in favor of the beneficiary under will of said decedent, later revoked, containing her specific agreement, made for a consideration, that said will would not be revoked by her?’ ”
An inspection of Nock v. Wayble, supra, shows that that action was brought to have a trust impressed upon the assets of a decedent, which action was based upon the theory that the first will was binding upon the married woman.
We, therefore, hold that the motion to affirm should be, and is, granted.
Judgment affirmed.
KANNER, C. J., and PLEUS, J., concur.