COMMONWEALTH *vs.* DONALD F. BIDDISCOMBE
(and two companion cases[1]).

Suffolk.    April 6, 1964. — May 4, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Taxicab. Boston. Logan International Airport. Constitutional Law,* Due process of law. *Words,* "In the city of Boston."

Logan International Airport, located within the geographical limits of Boston and owned and operated by the Massachusetts Port Authority under St. 1956, c. 465, § 5, is included in the phrase "In the city of Boston" in St. 1963, c. 386, and is an area in which are applicable the provisions of c. 386 that in Boston "no person driving . . . a taxicab [not summoned by telephone or radio] shall solicit the carriage of a passenger . . . for hire unless . . . [he] is licensed as a hackney carriage driver, and said taxicab is licensed as a hackney carriage, by the police commissioner" of Boston.    [428]

St. 1963, c. 386, establishing as an offence the solicitation by certain taxicab drivers of the carriage of passengers for hire "In the city of Boston," interpreted as including Logan International Airport, is not unconstitutional on the ground that it lacks the definiteness of definition of the offence required by due process.    [429–430]

THREE COMPLAINTS received and sworn to in the East Boston District Court on August 12, 1963.

Upon appeal to the Superior Court the cases were tried before *Johnson,* J., a District Court judge sitting under statutory authority.

*Leon Aronson* for the defendants.

*Jack I. Zalkind,* Assistant District Attorney (*James W. Bailey,* Assistant Attorney General, with him), for the Commonwealth.

---

[1] The companion cases are against John J. Delacy and Joseph Scarry.

Commonwealth *v.* Biddiscombe.

SPALDING, J.   These are three criminal cases which were begun by complaints in a District Court.   In each, the defendant was found guilty and appealed to the Superior Court. No question of fact being involved, the judge directed a verdict of guilty in each case and fines were imposed.   The cases come here on a consolidated bill of exceptions.

Each complaint charged that the defendant on a certain day "being the driver of a certain taxi cab at the Logan International Airport . . . did . . . solicit the carriage of a passenger for hire, . . . not then being licensed as a hackney carriage driver and the said taxi cab not then being licensed as a hackney carriage by the Police Commissioner of the City of Boston; the said . . . [defendant] not having been previously summoned by telephone or radio for this purpose . . . ."   The undisputed evidence supported the charges set forth in the complaints and required convictions, if the complaints charged an offence.   The defendants do not contend otherwise.

The sole question arises out of the denial of motions to quash, to which the defendants excepted.   The ground of each motion is that the complaint does not charge an offence.

The complaints are based on St. 1963, c. 386, which reads: "In the city of Boston, no person driving . . . a taxicab shall solicit the carriage of a passenger . . . for hire unless . . . [he] is licensed as a hackney carriage driver, and said taxicab is licensed as a hackney carriage, by the police commissioner of said city.   This act shall not be construed as prohibiting the driver of a taxicab licensed as such outside of said city from accepting a passenger or passengers for hire within said city if summoned by telephone or radio for the purpose.   Whoever violates the provisions of this act shall be punished by a fine of not more than fifty dollars." The question is whether Logan International Airport (Logan), which is conceded to be within the geographical limits of Boston, is subject to this statute.   We are of opinion that the phrase "in the city of Boston" includes Logan and that the statute applies to that area.

The defendants press *Teasdale* v. *Newell & Snowling Constr. Co.* 192 Mass. 440, and *Medford* v. *Marinucci Bros.*

*& Co. Inc.* 344 Mass. 50, 54–57, in support of their position that St. 1963, c. 386, should not be applied to Logan. In the *Teasdale* case the Metropolitan Park Commissioners had made a contract with a contractor for grading and other work on land in Quincy which they had taken for park purposes, and incidental thereto had voted that a stable should be placed temporarily upon the uncompleted park. The board of health of Quincy brought suit to restrain the maintenance of the stable without a license from it pursuant to R. L. c. 102, § 69. In affirming a decree dismissing the bill, this court held that the statute was not applicable, for it was "not to be presumed that the Legislature intended to give to the local licensing board the authority to thwart the reasonably necessary efforts of the park commissioners to perform their duty as agents of the State." P. 443. In *Medford* v. *Marinucci Bros. & Co. Inc., supra,* the question was whether a zoning ordinance of Medford could control action by the Commonwealth or by its agents, the Commissioners of Public Works, whose chief engineer in connection with State highway construction had authorized a temporary railroad loading area on land of the Commonwealth which was situated in a district where such a use was not permitted. It was held, on the authority of the *Teasdale* case, that the zoning ordinance was not applicable.

We are of opinion that these cases are not controlling. In both of them the city was seeking to enforce legislation which would impede operations by the Commonwealth's agents on Commonwealth property. In the cases at bar there is nothing to indicate that the application of St. 1963, c. 386, would impede the operation of Logan in any way. Moreover, Logan (St. 1956, c. 465, § 5) is owned and operated by the Massachusetts Port Authority which is an entity in itself and has an existence apart and distinct from that of the Commonwealth. See *Opinion of the Justices,* 334 Mass. 721, which analyzes the statute creating the Authority in considerable detail.

The defendants also argue that if the words "in the city of Boston" contained in the statute are interpreted to include Logan, the offence is not defined with sufficient defi-

niteness to satisfy constitutional requirements. See *Commonwealth* v. *Carpenter,* 325 Mass. 519, 521, and cases cited. We are of opinion that the offence was defined with sufficient definiteness and that this aspect of the case falls within the authority of such cases as *Commonwealth* v. *Pentz,* 247 Mass. 500, *Commonwealth* v. *Slome,* 321 Mass. 713, and *Jaquith* v. *Commonwealth,* 331 Mass. 439.

*Exceptions overruled.*