THE TOWNSHIP OF SPRINGFIELD, PLAINTIFF, v. NEW
JERSEY STATE HIGHWAY DEPARTMENT AND PUBLIC
CONSTRUCTORS, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided June 22, 1966.

568

Civil action in lieu of prerogative writs.

*Mr. James M. Cawley,* Township Attorney, for plaintiff.

*Mr. Philip A. Donnelly,* Deputy Attorney General, for defendant New Jersey State Highway Department (*Mr. Wil-*

*liam J. McCormack,* Deputy Attorney General, on the brief; *Mr. Arthur J. Sills,* Attorney General, attorney).

*Mr. Joseph H. Stamler* for defendant Public Constructors, Inc. (*Mr. Richard M. Goldman,* on the brief; *Messrs. Lorentz & Stamler,* attorneys).

Feller, J. S. C. Plaintiff has instituted this action in lieu of prerogative writs seeking the following relief, as set forth in their complaint, against defendants:

"(a) Restraining and enjoining Public Constructors, Inc., their agents and servants, from continuing to burn plant life, trees and debris in the Township of Springfield without a burning permit.

(b) Commanding Public Constructors, Inc., to obey the Ordinances of the Township of Springfield.

(c) Commanding Public Constructors, Inc., to obey the statutes and codes of the State of New Jersey.

(d) Commanding the New Jersey State Highway Department to obey the Statutes and codes of the State of New Jersey.

(e) Restraining and enjoining Public Constructors, Inc., their agents and servants, from continuing to maintain a public nuisance.

(f) Declaring that Public Constructors, Inc., are in violation of the Ordinances of the Township of Springfield.

(g) Declaring that the Public Constructors, Inc., are in violation of the New Jersey Air Pollution Control Code.

(h) Declaring that Public Constructors, Inc., are in violation of the Public Health Nuisance Code of New Jersey.

(i) Declaring that the plaintiff, Township of Springfield, is a third party beneficiary of the Contract between the codefendants.

(j) Declaring that the Township of Springfield has the authority to require that the New Jersey State Highway Department conform to and obey all codes and statutes of the State of New Jersey while in the Township of Springfield.

(k) Declaring that the Township of Springfield has the authority to require that the Public Constructors, Inc., conform to and obey all codes and statutes of the State of New Jersey while in the Township of Springfield.

(l) Declaring that the Township of Springfield has the authority to require that Public Constructors, Inc., conform to and obey all Ordinances of the Township of Springfield while in the Township of Springfield.

(m) Such other relief as the Court may determine.

(n) Damages.

(o) Costs."

A reading of these claims for relief shows that only claims (d), (j), (m) and (o) are directed against the State of New Jersey. The remainder of the claims are directed at defendant Public Constructors, Inc. After several hearings, and with the intent to facilitate this action, the parties stipulated that the action is to be considered on the basis that all the parties involved have filed motions for summary judgment.

Plaintiff is a municipal corporation of the State of New Jersey. Defendant State Highway Department is a department and agency of the State. Public Constructors, Inc., the second defendant, is in the business of contracting to do heavy construction work. As part of its business, it has contracted with the State Highway Department to do a portion of the work on Route 78, a road-building project which is part of the Federal Interstate and State Highway Defense System. The importance of this project and the necessity of the speedy completion of it cannot be overestimated.

Part of this project is on lands within plaintiff township but which have been purchased by the State for use in the construction of the highway in question. Pursuant to the job of constructing such a highway as is called for by its contract with the State, defendant Public Constructors, Inc. found it necessary to clear the state-owned lands within the Township of Springfield of trees and shrubs and other obstructions. In furtherance of this clearing aspect of its job, Public Constructors found it advisable to burn the trees and other plant life which it found necessary to remove. As such, Public Constructors, whether required to or not, applied for and obtained a permit to burn on the state-owned property within the township.

It then proceeded to burn the materials which had to be cleared in order for it to fulfill its contract with the State. The uncontroverted affidavits show that no wood, trees or bushes, or any other material was added to any fire after 2:30 P. M. each day, and the fires were cared for and watched by at least eight men between 7 A. M. and 5:30 P. M. The affidavits

further show that after 5:30 P. M. two men periodically checked and controlled the embers.

Initially, the established facts are that representatives of the local fire department, with the approval of the township, were employed to assist in watching the fires. However, after the burning had been carried on for a period of time, these men were withdrawn because of complaints made by residents of the area about smoke and cinders. Public Constructors then used their own employees to watch the fires.

As a result of these complaints plaintiff caused summonses to be issued returnable in Springfield Municipal Court, charging Public Constructors with burning material in violation of (a) the township fire ordinance, (b) the New Jersey Air Pollution Code, and (c) the Public Health Nuisance Code of New Jersey. Public Constructors pleaded not guilty to these charges. Before a decision could be reached by the magistrate the township through its attorney, advised him that it intended to file an action in the Superior Court to enforce its rights in one action, so that it might test the legality of its acts, those of the State Highway Department, and the acts of Public Constructors. The complaint in the case at bar was then filed.

Plaintiff has four basic contentions: (1) Public Constructors can be restrained from violating the law; (2) the State must obey its own statutes and codes; (3) sovereign immunity does not flow from the State to a contractor unless expressly stated in the agreement between the parties; and finally (4) the contractor must obey the statutes and codes of New Jersey and the ordinances of the Township of Springfield.

Defendant State Highway Department contends that the State is immune from suit.

Defendant Public Constructors, Inc. presents six arguments in support of its motion for summary judgment: (1) plaintiff is not a third-party beneficiary of the contract between it and the State; (2) it is not required to secure a burning permit from plaintiff before burning on state-owned property be-

cause it is not bound by local ordinances; (3) plaintiff is not in a position to enforce the statutes and codes of New Jersey here in question; (4) there are no allegations in the complaint delineating a public nuisance, and so the demand for relief (e) above, must be dismissed; (5) plaintiff, under the facts of this case, has no standing to enforce the Public Nuisance Code or the Air Pollution Control Code of New Jersey; and finally (6) the demands for judgment above designated as (b), (c), (d), (f), (g), (j), (k) and ($l$) must fall, for each seeks nothing more than an advisory opinion.

Before considering the contentions and counter-contentions of the parties, this court feels that the subject matter of this suit requires some comment. To begin with, air pollution is a pressing problem facing the greater metropolitan area. On cloudy days, when air is heavy, the topic of air pollution is hotly debated by the public at large. There is little doubt in the minds of the public and their elected officials that a solution to the problem must be found. However, to this date an adequate solution has eluded our society. In spite of this apparent failure, progress has been made. In achieving this progress, great care has been exercised without impeding social and economic progress which often contributes to air pollution. It is just such a problem that this court is faced with in this case.

Highway construction is necessary in this area in order to avoid excessive traffic congestion. Anyone knows that highway construction in a heavily built-up area requires the disposal and destruction of the materials that were used in the demolished buildings. Similarly, when vacant land is to be used for highway construction, the trees and shrubs which cover it must be destroyed. To carry away the large amount of materials and natural growth which must be cleared away in preparation for highway construction, would involve considerable expense. Adding this expense to the already burdensome cost of highway construction and the development of a highway system itself might be prohibitive. For this reason the material cleared from properties in the path of highway

construction must often be destroyed by burning, if that is at all possible. This is so because such manner of destruction is relatively inexpensive. In burning this material in large amounts, smoke and possibly cinders are dispersed into the air, and it is this dispersion which often causes complaints like those made by the residents of the Township of Springfield.

The question to be decided is whether the action of the township in seeking relief can be sustained as a matter of law. As was stated before, this matter is being considered on motions for summary judgment made by all the parties. Such motions are appropriate in actions in lieu of prerogative writs. *Cummins v. Board of Adjustment of Leonia,* 39 *N. J. Super.* 452 (*App. Div.* 1956). Furthermore, this court is satisfied that no issue of material fact is present that would prevent consideration and ultimate determination of the respective motions for summary judgment. *Judson v. Peoples Bank of Westfield,* 17 *N. J.* 67 (1954).

I.

Turning, first, to the claim for relief against the State, this court is of the opinion that it cannot be had. It is now accepted that the State Highway Department is the *alter ego* of the State. *Strobel Steel, etc. v. State Highway Com.,* 120 *N. J. L.* 298 (*E. & A.* 1938); *Miller v. Layton,* 133 *N. J. L.* 323 (*E. & A.* 1945); *State Highway Commissioner v. Maas & Waldstein,* 83 *N. J. Super.* 211 (*App. Div.* 1964); *State Highway Commission v. Elizabeth,* 102 *N. J. Eq.* 221 (*Ch.* 1928). As *alter ego* of the State, the Department enjoys the privileges and immunities enjoyed by the State. One such privilege is that of immunity from suits of this type. *Strobel Steel, supra.*

Certain questions have been raised over the doctrine of sovereign immunity of the State from suit by virtue of the Supreme Court's decision in *East Orange v. Palmer,* 47 *N. J.* 307 (1966). It is the opinion of this court, that case does not

eliminate the doctrine set forth in *Strobel Sleel, supra.* Rather, the Supreme Court has merely delimited the extent of the immunity in an attempt to make it more applicable in this day and age. Viewing the decision in that light, and for the reasons to be expressed later in this opinion, this court feels that the doctrine of sovereign immunity from suit is still available to the State in suits of this type.

In the present action the main claim for relief against the State Highway Department is for an order declaring that it must obey the statutes and codes of New Jersey and that the plaintiff has authority to require them to comply. It would appear that plaintiff seeks a declaratory judgment. See *Empire Trust Co. v. Board of Commerce, &c.,* 124 *N. J. L.* 406 (*Sup. Ct.* 1940).

However, plaintiff's action is entitled as one in lieu of prerogative writs. Assuming that it is really such an action, it may still not obtain the relief requested against the State Highway Department, and this for the following reasons:

It is plaintiff's contention that the Department must abide by the statutes of the State of New Jersey with respect to nuisances, and also by one provision of the New Jersey Anti-Pollution Code, *N. J. S. A.* 26 :1A–26, which reads as follows:

"Whenever any nuisance or source of foulness within the territorial jurisdiction of any local board of health is of such a nature that, in the opinion of the commissioner, it is hazardous to the health of persons residing within the limits of the jurisdiction of such local board, the commissioner may cause a notice in writing, signed by him, to be sent to the local board, requiring it to cause the nuisance or source of foulness to be abated within such time as the commissioner by the notice may specify."

An examination of this statutory provision establishes that the Commissioner of Health of the State of New Jersey must initiate action to eliminate a nuisance or source of foulness. In this case the Commissioner has not caused any notice to be served on the local board of health complaining of any nuisance or foulness in the air. Also, the Springfield Board of Health is not even a party to this action. Finally, the com-

plaint does not allege that the Highway Department is responsible for any nuisance. Considering the absence of those factors, it is difficult to see how the plaintiff can proceed on this basis against the Department.

Even assuming that there is a nuisance in existence of which plaintiff, through its board of health, could complain, it is doubtful whether it or its board would have jurisdiction to correct the problem. See *N. J. S. A.* 26 :1A–28. For, under the circumstances of this case, the nuisance exists in a state enclave which is outside the jurisdiction of the board of health. *Shell Oil Co. v. Bd. of Adjustment of Hanover Tp.,* 38 *N. J.* 403, 409 (1962). Considering the facts and the law on this aspect of the complaint, it is the opinion of this court that it is without merit.

Turning to the contention that the Highway Department is violating the New Jersey Anti-Pollution Code, it is without foundation. By section 1.5 of chapter II of the Anti-Pollution Code, the "open burning of plant life grown on the premises is not intended to be covered by this code." In this case, by stipulation of all the parties, plant life on the premises in question is the only thing that is being burned. In view of this stipulation and the terms of the Code itself, there is no violation of the New Jersey Anti-Pollution Code.

Finally, with respect to the Highway Department, this court is of the opinion that the present action is not maintainable even if the afore-mentioned Code and statute were violated. While it is true that an action in lieu of prerogative writs will lie against a state officer to force him to perform ministerial duties (*Duke Power Co. v. Patten,* 20 *N. J.* 42 (1955)), such action, regardless of name, is not maintainable if a judgment against the State would operate to control state action or subject it to liability. *Empire Trust Co., supra.* If the court rendered a judgment for plaintiff against the Highway Department, the effect of such a judgment would be to control state action because, in effect, it would require the Highway Department and Public Constructors, Inc. to abide by the codes and statute previously

mentioned. As was stated earlier, this would increase the cost of highway construction and possibly even slow it up.

Therefore even if the Highway Department was acting in violation of the New Jersey Anti-Pollution Code and/or the Public Nuisance Statute, which it is not, this court could not render a judgment against it. *Empire Trust Co., supra.* For this reason, defendant Highway Department's motion for summary judgment is granted.

## II.

This court will now turn to plaintiff's claim for relief against Public Constructors, Inc. It is significant to note again that while plaintiff has entitled its action as one in lieu of prerogative writs, it really sounds in declaratory judgment, as far as the relief requested is concerned.

One of plaintiff's claims for relief is that it should be declared a third-party beneficiary of the Highway Department's contract with Public Constructors, Inc. This same point has previously been considered by our courts in *N. J. Interstate Bridge & Tunnel Commission v. Jersey City*, 93 *N. J. Eq.* 550 (*Ch.* 1922), where the court held:

"\* \* \* The statute permitting a third party not privy to a contract, and who has given no consideration therefor, to sue thereon, is limited to those for whose benefit the contract is made, and does not extend to third persons who indirectly and incidentally would be advantaged by its performance. *Standard Gas Power Corp. v. New Eng. Gas. Co.*, 90 *N. J. Law*, 570. Now, Jersey City is not a party to the contract in question, and the contract was not made for its benefit; and Jersey City cannot enforce its ordinances against this work by reason of any provision in the contract to which it is a stranger."

In the view of this court, that holding is controlling under the facts of the present case. Plaintiff is not a third-party beneficiary of the Highway Department's contract with Public Constructors, Inc.

The Highway Department, as noted above, is the *alter ego* of the State and enjoys the same immunity from suit, even

this suit, as it does. Also, for all intents and purposes, there is no contest with respect to the agency relationship arising out of contract between the Highway Department and Public Constructors, Inc. Even assuming that plaintiff were to claim that Public Constructors, Inc. is not an agent of the State Highway Department for purposes of building the highway in question, this court would rule on the facts of this case that it is the agent of the Department.

That such a ruling is supported by the law of this State and of at least one other state is clear. In *N. J. Interstate Bridge & Tunnel Commission, supra,* the court said on this point:

"This great work of constructing tunnels under the Hudson River is the work of the state itself, for the state, wherever it prosecutes any great governmental purpose, either in its own name or by and in the name of its appropriate agent, is the actor in carrying the particular purpose into execution."

There New Jersey and New York entered into a contract with Booth & Flynn, Ltd., a private contractor, for the construction of two tunnels between Jersey City and New York City. The contractor's employees were prevented by a Jersey City police officer from prosecuting the work until the contractor obtained a permit from Jersey City. The court held that the tunnel project was an extension of the state highway system, and that the control of highways by municipalities is always subject to the paramount control of the State itself. The court further held:

"The power of Jersey City to enact its building code, which requires that for the erection of any building within the city limits a permit must be procured from the superintendent of buildings, was ordained in virtue of the charter of Jersey City granted by the state. In the absence of language in that charter to the effect that the state as a sovereign should be bound by ordinances passed in virtue of it, those ordinances did not affect the state. See *Trustees [for Support] of Public Schools v. [Inhabitants of City of] Trenton,* 30 *N. J. Eq.* 667. And the state could at any time override any such charter provision, as acts derogatory from the power of subsequent parliaments bind not; because the Legislature, being in truth the sovereign power, is always

equal, always of absolute authority; it acknowledges no superior upon earth, which the prior Legislature must have been, if its ordinances could bind a subsequent parliament."

Apparently, the court considered Booth & Flynn, Ltd. to be the agent of the State and thus not subject to the local zoning ordinance.

Similarly, in a recent case on point, *City of Medford v. Marinucci Bros. & Co.*, 340 *Mass.* 50, 181 *N. E. 2d* 584 (*Sup. Jud. Ct.* 1962), the highest court of Massachusetts said:

"The ordinance could not control action by the Commonwealth or by its agents, the Commissioners of Public Works, whose chief engineer authorized the construction of 'a railroad loading area' at this location. In *Teasdale v. Newell & Snowling Const. Co.*, 192 *Mass.* 440, 78 *N. E.* 504, decided in 1906, the metropolitan park commissioners had made a contract with the defendant contractor for grading and other work on land in Quincy which they had taken for park purposes, and incidental thereto had voted that a stable should be temporarily placed upon the unfinished park. The board of health of Quincy brought a bill in equity to restrain the maintenance of the stable without a license from it pursuant to R. L. c. 102, § 69. See now G. L. (Ter. Ed.) c. 111, § 155. On affirming a decree dismissing the bill, this court said, through Hammond, J. (pp. 442–443, 78 N. E. p. 505) : 'In a word, these parks are placed under the control of these commissioners acting as the agents of the state in exercising the authority of the sovereign over its own property. As such agents, performing the duty of making available for park purposes the land in question, it is found reasonably necessary for them to erect upon it and use this stable. Such an act must be regarded as needful in the proper execution of the powers which the State may exercise over its own property; and the general law made for the regulation of citizens must be held subordinate to this special statute regulating the use of the property of the state unless there is express provision to the contrary. *It is not to be presumed that the Legislature intended to give to the local licensing board the authority to thwart the reasonably necessary efforts of the park commissioners to perform their duty as agents of the state.*' " (Emphasis added)

Considering these two cases, it must surely follow that on the facts in this case the defendant Public Constructors, Inc. is an agent of the Highway Department. It is common knowledge that the State does not have the necessary massive machinery to construct modern highways. For this reason it

contracts with private enterprise to build this necessity of modern life. That is what the Highway Department has done here—it has engaged Public Constructors, Inc. to act in its stead.

Having established that Public Constructors, Inc. is an agent of the State for purposes of building the highway in question, it would be rather inconsistent to now hold that it is subject to municipal control, as urged by plaintiff. The Highway Department has already been held to be immune from this action. However, in finding this immunity inherent in the State and its departments and agencies, this court was not faced with a claim by plaintiff that the Highway Department must obey local ordinances. There is such a claim made with respect to Public Constructors, Inc.

Other than the fact that all persons must abide by local ordinances, it is also urged by plaintiff that Public Constructors, Inc. is bound by its contract with the State to abide by all local ordinances. These two factors raise a question, but this court feels that it has sufficiently been answered in other cases.

To begin with, in numerous reported decisions of our courts both the State and its various institutions and agencies have been held to be exempt from the application of local ordinances of all types. *Bloomfield v. New Jersey Highway Authority,* 18 *N. J.* 237 (1955) ; *N. J. Interstate Bridge & Tunnel Commission, supra; East Orange v. Palmer,* 82 *N. J. Super.* 258, 260 (*Ch. Div.* 1964). Keeping this in mind, it would be inconsistent to hold that such exemption does not extend to a private enterprise acting as an agent of the State for purposes of carrying out state functions which the State feels it cannot itself fulfill or that it is better and perhaps more economical to have private enterprise do. To say that such an agent, acting in such a capacity, does not enjoy the exemption would be to rule indirectly that the State itself does not. This would be *contra* to the sound reasoning expressed in *N. J. Interstate Bridge & Tunnel Commission,* and *City of Medford v. Marinucci Bros. & Co., supra.*

Before dealing with whether the status of the law with respect to state immunity enures to one of its agents, a comment should be made concerning plaintiff's argument on this point. In *Abelson's, Inc. v. New Jersey State Board of Optometrists,* 5 *N. J.* 412 (1950), plaintiff complained of the unconstitutionality of a state administrative statute authorizing defendant to revoke licenses. In a case where a law is urged to be unconstitutional, there is no immunity from suit. However, no law is urged to be unconstitutional in the case at bar. Here, this court is concerned with State or its agent's immunity from municipal ordinances. With respect to the other cases cited by plaintiff, they are not on point. In *Carroll v. Bd. of Adjustment of Jersey City,* 15 *N. J. Super.* 363 (*App. Div.* 1951), the problem before the court was whether a lessee of state-owned property was entitled to immunity from a city zoning ordinance. The court correctly held that there was no immunity, but in that case the plaintiff was not an agent of the State, as is Public Constructors here. And the facts in *Tim v. Long Branch,* 135 *N. J. L.* 549 (*E. & A.* 1947), make it inapplicable here; indeed, the court in that case holds that the Long Branch zoning ordinance was not binding on the National Housing Agency, created by federal law. *Tim* seems to support defendant's contention.

While there are no cases exactly on point in New Jersey with respect to state immunity (*i. e.,* exemption) devolving on a private company which is acting in the State's stead as its agent, this concept has been intimated in the *Bloomfield* and *N. J. Interstate Bridge & Tunnel Commission* cases, *supra.* Also, in *Marinucci, supra,* a Massachusetts case directly on point, the Supreme Judicial Court held that such immunity (*i. e.,* exemption) does devolve on a private company. In *Marinucci* the facts were as follows: The action was instituted by the city to enjoin the contractor from using certain machinery in the city, though on state-owned land, in violation of the local building code requiring a building permit. The court said:

"From what we have said, it follows that Marinucci in the performance of his contract on Commonwealth land with the Commonwealth must likewise be exempt from the Medford zoning ordinance. The Commonwealth, as matter of common knowledge, does not have the employees or the equipment to construct all the roads and bridges which a modern highway system requires. It must act through others, and a contract with Marinucci was the method chosen to construct that portion of Interstate Highway 93 which now concerns us. We cannot conclude that by enacting the Zoning Enabling Act the Legislature intended to authorize a municipality to thwart the Commonwealth in carrying out the functions of government. When the Legislature has intended to confer a municipal veto upon action by the Department of Public Works, it has done so in unmistakable terms. See *St.* 1961, *c.* 590, § 4." (181 *N. E. 2d,* at *p.* 588)

Applying the law set out in *Marinucci,* it is the opinion of this court that a municipal ordinance has no application to a state contractor carrying out his duties in connection with the construction of a state highway, and that an ordinance could not control action by the State on its own land. A contractor in performance of his contract on state land likewise is exempt from a municipal ordinance. The State as a matter of common knowledge does not have the employees or the equipment to construct roads which a modern highway system requires, but it must act through others.

Considering the law in this State and that in other states, along with the paramount interest of the State and, indeed, the public in this highway construction, this court is of the opinion that Public Constructors enjoys the same immunity (*i. e.,* exemption) as the State does with respect to municipal ordinances. It need not abide by them while acting in its capacity as agent of the State on property owned by the State.

With respect to the plaintiff's claim that Public Constructors is violating the same state statute and code as they alleged the State was violating, the result reached with respect to the State earlier in this opinion would apply here. Plaintiff has neither shown a violation of the New Jersey Anti-Pollution Code nor has it established its capacity to act under the statutory provision alleged to have been violated by the State

and now urged as having been violated by Public Constructors, Inc.

Before concluding this opinion, this court feels constrained to note that plaintiff is not without recourse in its attempt to eliminate air pollution caused by excessive and careless burning. Recognizing the dangers and inconvenience that air pollution of any type causes, it would be inconceivable to leave plaintiff without any recourse. However, when faced with such a problem, the proper procedure is to proceed under the New Jersey Air Pollution Control Law and the codes formulated pursuant to statutory authorization, by complaining to the State Department of Health and letting said Department take the necessary action in accordance with the provisions of the Air Pollution Control Law (*N. J. S. A.* 26:2C–1 *et seq.*).

Therefore, on the basis of the law applicable to this case, it is the opinion of this court that the motions for summary judgment of the defendants New Jersey State Highway Department and Public Constructors, Inc. shall be granted, and the motion of plaintiff Township of Springfield for summary judgment shall be denied.

Judgments appropriate in form shall be submitted pursuant to *R. R.* 4:55–1.