QUESTIONS: 1. Are foster group homes operated as a program of the Department of Health and Rehabilitative Services subject to local zoning ordinances? 2. Is property leased by a state agency, for purposes of fulfilling its statutory responsibilities, subject to local zoning ordinances?
SUMMARY: In the absence of an act of the State Legislature manifesting a legislative intent to waive the state's immunity from local zoning regulations, municipalities may not regulate, through the application or effect of municipal zoning ordinances, the placing in foster group homes of children within the control of the Division of Youth Services, nor regulate private property so as to preclude the performance of a governmental function thereon by a state agency which has leased such property. AS TO QUESTION 1: It has been consistently held in previous opinions of this office that the property of the state and its agencies is generally not subject to municipal regulation and direction. Attorney General Opinions 058-67, 058-119, 065-81, 066-10, 071-177, 071-203, 071-203A, and 071-367. In AGO 071-203A it was stated that . . . the police power of a municipality or county respecting matters such as zoning, building codes, the sale or use of alcoholic beverages, licensing or other regulatory ordinances and the like, cannot be enforced against the state — its agencies and its property — in the absence of an act of the state legislature manifesting a legislative intent to waive the state's immunity from such local regulation. . . . See, generally, 62 C.J.S. Municipal Corporations s. 157, p. 319; 101 C.J.S. Zoning s. 135, p. 893; 8 McQuillin, Municipal Corporations, s. 25.15, p. 45; Annotation, 61 A.L.R.2d 970-992; City of Bloomfield v. Davis County Community School District, 119 N.W.2d 909, 911 (Ia. 1963), and authorities cited therein, in which it was stated that The underlying logic of these authorities is, in substance, that the legislature could not have intended, in the absence of clear expression to the contrary, to give municipalities authority to thwart the state, or any of its agencies in performing a duty imposed upon it by statute. See also The Inapplicability of Municipal Zoning Ordinances to Governmental Land Uses, 19 Syracuse L. Rev. 698, 705 (1967-1968), in which the author states that In the majority of cases, when a municipality or a state agency can find authority in a statute to do a certain act, and where the act results in a conflict with a local zoning ordinance, courts hold that the zoning restrictions do not apply. The authorizing statute need not explicitly state
that the zoning restrictions will not apply; there need only be a statutory grant of authority to do the act. Notwithstanding the foregoing authorities, however, no Florida appellate case has been found which is determinative of your specific inquiry, since, in the instant situation, it is not state-owned property which is sought to be regulated by municipal zoning, but private property upon which a state agency is seeking to perform a statutorily assigned duty. See s. 959.011(2), F.S., which directs the Division of Youth Services of the Department of Health and Rehabilitative Services to . . . develop and implement diversified and innovative programs in order to provide for the treatment of persons referred or committed to the division. Such programs may include, but shall not be limited to . . . foster homes . . . . A case which is factually similar in some degree to the instant situation is Township of Springfield v. New Jersey State Highway Department, 91 N.J. Super. 567, 221 A.2d 766 (1966), in which a state highway contractor, as an agent of the state, was held to be immune from suit by a municipality. Cf. AGO 060-163. It was expressed therein, at 221 A.2d 774, that To begin with, in numerous reported decisions of our courts both the State and its various institutions have been held to be exempt from the application of local ordinances of all types. [citations.] Keeping this in mind, it would be inconsistent to hold that such exemption does not extend to a private enterprise acting as an agent of the State for purpose of carrying out state functions which the State feels it cannot itself fulfill or that it is better and perhaps more economical to have private enterprises to do. To say that such agent acting in such capacity does not enjoy the exemption would be to rule indirectly that the State itself does not. . . . Likewise, in the instant situation, there would apparently be little question as to state immunity from local zoning regulations if the Division of Youth Services, itself, were operating on state property a state-owned center for the care of children within division control. Attorney General Opinion 071-203A. The fact that the division utilizes the services of private persons and private property in an attempt to place such children in family-type situations should not alter this immunity. To allow local regulation in the latter instance would be to rule indirectly that the state does not have immunity from such regulations when performing a governmental function. Moreover, a contrary ruling here may conceivably result in a substantial hindrance to the division in the performance of its statutory duty to provide for the treatment of children within division control. The desirable objective of establishing relatively normal home lives for such children may not be achieved if municipal zoning regulations preclude, in effect, the placing of a child in an area zoned for single family housing and restrict such placing to areas zoned for commercial boarding houses, etc. (It might be noted that foster group home parents do not operate such homes for profit, but merely receive nontaxable reimbursements from the state for their services.) In sum, therefore, I am of the opinion that, in the absence of an act of the State Legislature manifesting a legislative intent to waive the state's immunity from local zoning regulations, municipalities may not regulate, through the application or effect of municipal zoning ordinances, the placing of children within the control of the Division of Youth Services in foster group homes. AS TO QUESTION 2: Again, there is no appellate court decision in this state which answers your second question. However, at least one circuit court has considered a similar factual situation. In Mathias v. Mills, No. 69-10068 (4th Cir., Duval County, Mar. 24, 1970), the plaintiffs attempted to enjoin the Department of Health and Rehabilitative Services from leasing property to establish a "halfway house" in an area zoned for other purposes. The court dismissed the action on the grounds that the plaintiffs alleged no damage different in kind from the remainder of the community; and the use of land for the carrying out of a governmental function is not bound by local zoning laws, citing City of Treasure Island v. Decker, 174 So.2d 756 (2 D.C.A. Fla., 1965), and Nichols Engineering Research Corp. v. State,59 So.2d 874 (1952). Cf. Thanet Corp. v. Board of Adjustment,104 N.J. Super. 180, 249 A.2d 31 (1969), aff'd per curiam,108 N.J. Super. 65, 260 A.2d 1 (1969). Consistent with this circuit court decision and the reasoning of my response to your first question, I am of the opinion that, in the absence of an act of the legislature manifesting a legislative intent to waive the state's immunity from local zoning regulations, municipalities may not regulate private property so as to preclude the performance of a governmental function thereon by a state agency which has leased such property. Finally, since, as previously indicated, no Florida appellate case has been found which is determinative of your specific inquiry, this opinion is primarily a prediction of a judicial resolution of your questions, should they arise in a court of this state. It should be remembered, however, when considering these questions or any other question involving state action, that the state and its agencies and instrumentalities are always bound by the requirements of substantive, as well as procedural, due process, and that state agencies must always seek to act reasonably in any situation. See State ex rel. Furman v. Searcy, 225 So.2d 430 (4 D.C.A. Fla., 1969); Governmental Immunity from Local Zoning Ordinances, 84 Harv. L. Rev. 869 (1970-1971), in which the author proposes the application of a "balancing of interests" test when the accomplishment of one governmental entity's statutorily assigned duty conflicts with another governmental entity's local regulations.