Salvatore CRIVELLO, William A. Miller
and Charles Bernstein, Plaintiffs,

v.

BOARD OF ADJUSTMENT OF THE
BOROUGH OF MIDDLESEX,
etc., et al., Defendants.

Civ. No. 1152–59.

United States District Court
D. New Jersey.

June 1, 1960.

John T. Keefe, New Brunswick, N. J., for plaintiffs.

Chester A. Weidenburner, U. S. Atty., D. of New Jersey, Newark, N. J., by Kester R. Pierson, Asst. U. S. Atty., Princeton, N. J., for defendants.

WILLIAM F. SMITH, Chief Judge.

This is a proceeding in lieu of a prerogative writ of certiorari—denominated a "civil action at law"—commenced in the Superior Court of New Jersey, Law Division, under Rule 4:88 of the local Rules of Civil Practice. The complaint attacks the validity of a resolution adopted by the Board of Adjustment of the Borough of Middlesex and prays that it be set aside; the relief sought is a judicial review of the Board's action. The proceeding was removed to this Court on the petition of the defendant, the United States of America, filed pursuant to Section 1441 and 1442 of Title 28, U.S.C.A.

The matter is before the Court at this time on two motions: First, the motion of the said defendant, in which it is joined by the Postmaster of the Borough of Middlesex, to dismiss the proceeding for lack of jurisdiction; and second, the motion of the plaintiffs to remand the proceeding to the Superior Court from which it was removed. It is argued by the plaintiffs that the proceeding is not a removable civil action within the meaning of Sections 1441 and 1442, supra. We are inclined to agree with this argument. A brief recital of the essential facts will contribute to a clearer understanding of the question presented.

■ The defendant Robert W. Sanders, the Postmaster of the Borough of Middlesex, applied to the Building Inspector of the said borough for a building permit which would authorize the erection of a post office building on a site of which the defendant National Bank of New Jersey was apparently the owner. We must assume that this application was made pursuant to the provisions of a local ordinance. The application was denied on the ground that the plot plan was not in conformance with the applicable local zoning ordinance. An appeal was taken to the Board of Adjustment of the borough pursuant to N.J.S.A. 40:-55–39 and, after hearing, a variance was approved and granted as requested. The present proceeding followed. It should be noted that the United States of America was not a party to the appeal filed with the Board and is, therefore, neither a proper nor a necessary party to this proceeding.

■■ The nature of the proceeding is necessarily determinative of its removability under Sections 1441 and 1442, supra. The characterization of the proceeding as a "civil action at law" under Rule 4:88–2 of the local Rules of Civil Practice cannot render an otherwise unremovable action a removable action under the statutes. The statutes "must be

construed as setting up (their) own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214; see also, Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 338. The local law is determinative of the nature of the proceeding but the federal law is determinative of its removability.

■ A municipal board of adjustment, created under the authority of N.J.S.A. 40:55–36, is a quasi-judicial agency vested with original jurisdiction to "hear and decide appeals" from the decisions of the building inspector or administrative agency charged with the enforcement of the zoning ordinances. It is vested with a quasi-judicial discretion to grant variances consistent with the statutory criteria. N.J.S.A. 40:55–39. The decision of the board is subject to review in a "civil action at law" in lieu of a prerogative writ of certiorari in the Superior Court, Law Division, under Rule 4:88 of the Rules of Civil Practice. Beirn v. Morris, 14 N.J. 529, 103 A.2d 361; Tomko v. Vissers, 21 N.J. 226, 121 A.2d 502; Izenberg v. Board of Adjustment, etc., 35 N.J.Super. 583, 114 A.2d 732. The judicial function is confined to a review of the board's action but solely on the record made before it; the court may not accord to the litigants a trial de novo on the merits. Ibid.

The limitations on the judicial function are clearly defined by Mr. Justice Heher in the case of Beirn v. Morris, supra. It is therein stated, 14 N.J. 529, at 537 et seq., 103 A.2d 361, at 365; "this power (the power to grant variances) is committed by the statutes to the expert discretion of the local administrative authority, and * * * judicial interference is permissible only for relief against arbitrary or capricious action that constitutes an abuse of the delegated discretion, and the judicial authority may not exercise anew the statutory jurisdiction and substitute its own independent judgment for the specialized judgment of the agency entrusted by the Legislature with the administrative function."

■ A "civil action at law" in lieu of a prerogative writ of certiorari has all the attributes of the historic writ of certiorari heretofore available for the correction of jurisdictional excesses of inferior tribunals and errors of law revealed by the record; in fact, it is the counterpart of the earlier remedy under writ of certiorari. Ward v. Keenan, 3 N.J. 298, 70 A.2d 77; Fischer v. Bedminster Tp., etc., 5 N.J. 534, 76 A.2d 673; Central R. Co. of New Jersey v. Department of Public Utilities, 7 N.J. 247, 81 A.2d 162. The prerogative writs were superseded under the mandate of Article VI, section V, paragraph 4 of the New Jersey Constitution of 1947, and pursuant thereto proceedings in lieu of prerogative writs were substituted. Rule 4:88 of the Rules of Civil Practice and the cases hereinabove cited. The substantive law of the historic prerogative writs is preserved and the prerogative powers, vested in the former Supreme Court of New Jersey, are vested in the Law Division of the newly created Superior Court. The substitute remedy is made available as of right except in criminal causes. Ibid.

■ It seems reasonably clear from the cited cases that a "civil action at law" in lieu of a prerogative writ of certiorari is a procedural unit designed to preserve the traditional attributes of the earlier writ of certiorari but free of procedural technicalities. It is equally clear that this procedural unit has none of the attributes of a "civil action" of which this Court would have original jurisdiction. It follows that the present proceeding, although denominated a "civil action at law", is not removable. We might add that this is a Court of original jurisdiction without prerogative powers and this jurisdiction may not be expanded by State law. Burford v. Sun Oil Co., 319 U.S. 315, 317, 63 S.Ct. 1098, 87 L.Ed. 1424; Chicago, R. I. & P. R. Co. v. Stude, supra, 346 U.S. 581, 74 S.Ct. 295.

There is an aspect of this litigation which offends our sense of justice. The Postmaster, apparently acting on behalf of the defendant National Bank of New Jersey, initially invoked the jurisdiction of the Board of Adjustment pursuant to N.J.S.A. 40:55–39, and having prevailed, he now seeks to defeat the right of review available to the adjoining property owners under the State law. This course of conduct is clearly not consistent with the dignity of the Sovereign. We are of the opinion that the Postmaster, having invoked the quasi-judicial authority of the municipal administrative agency, should have defended the action of the agency in the State court vested with the power of review.

The circumstances surrounding the transaction which ultimately led to the present proceeding are not entirely clear from the pleadings. It is alleged by the plaintiffs that the defendant National Bank of New Jersey is the owner of the proposed site and this allegation is not denied. We note, however, that if the Postmaster General, pursuant to and in the exercise of the authority vested in him by congressional enactment, contemplates the erection of a post office on the proposed site, his authority may not be restricted by local ordinance. Tim v. City of Long Branch, 135 N.J.L. 549, 53 A.2d 164, 171 A.L.R. 320; United States v. City of Chester, 3 Cir., 144 F.2d 415; United States v. City of Philadelphia, D. C., 56 F.Supp. 862, affirmed 3 Cir., 147 F.2d 291. A resort to the municipal board of adjustment would be unnecessary under such circumstances.

### Injunctive Relief

The plaintiffs have joined in their prayers for relief a prayer for an injunction against the United States of America and the Postmaster. They pray that the said defendants be enjoined from erecting a post office building on the proposed site. The plaintiffs thus present an original action separate and distinct from the main action which contemplates a judicial review of the decision of the Board of Adjustment. The doctrine of sovereign immunity is properly invoked against this action and, therefore, the motion to dismiss it, interposed by the said defendants, must be granted. We note that the Honorable Bernard W. Vogel, Judge of the Superior Court, struck from the Order to Show Cause the paragraph which contemplated an interim restraint on the said defendants.

The "civil action at law" in lieu of a prerogative writ of certiorari is remanded to the Superior Court of New Jersey, Law Division, from which it was improvidently removed. The parties shall prepare and submit to the Court an appropriate order of remand.