104 N.J. Super. 180 (1969)
249 A.2d 31
THANET CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF PRINCETON, W. JOSEPH SHINN, BUILDING INSPECTOR OF THE TOWNSHIP OF PRINCETON AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PRINCETON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 9, 1969.
*181 Mr. Garrett M. Heher for plaintiff (Messrs. Smith, Stratton, Wise & Heher, attorneys).
Mr. Henry A. Hill, for defendants Board of Adjustment and W. Joseph Shinn (Messrs. Mason, Griffin and Moore, attorneys).
Mr. Ivan C. Bash for defendant Township Committee.
BENNETT, J.C.C. (temporarily assigned).
On April 4, 1967 plaintiff Thanet Corporation executed an assignable ground lease agreement between it, as lessor, and the United States of America, acting through the Post Office Department, as lessee. The lease was for the establishment of a postoffice for a 20-year term, renewable for a maximum of seven successive five-year terms at the option of the Post Office. The land is located in the Engineering Research District (ENG) of Princeton Township.
In June and July of 1967 plaintiff filed two alternative applications with defendant board of adjustment which sought (1.) a special permit, or (2.) a (d) variance, and, in both cases, a (c) variance from the lot width requirements. On September 7, 1967 defendant board denied the applications but took no action as to the (c) variance.
*182 On October 20, 1967 plaintiff brought an action in lieu of prerogative writs against the board of adjustment, the building inspector, and the Princeton Township Committee. On December 1, 1967, plaintiff filed an amended complaint which sought by its first count a reversal of defendant board and the building inspector in denying the application for a (c) variance, and, in the alternative, a (d) variance or special permit for the establishment of a postoffice. The second count sought a declaration that the establishment of the general postoffice will, for so long as said tract is actually used by the U.S. Post Office Department or its assignee as a general postoffice facility, be immune from and not subject to any of the zoning ordinances of Princeton Township.
Both the plaintiff and defendant township committee have moved for summary judgment.
On August 8, 1968 the United States of America, through the Post Office Department, signed the lease and addendum.
The first issue presented is whether or not the establishment of a postoffice facility is immune from the zoning ordinances and regulations of Princeton Township. Furthermore, if the Government is clothed with immunity, does it extend to its leases with private individuals or corporations?
It is to be noted that if the two foregoing issues are answered in the affirmative, it renders moot the propriety of the actions by the board of adjustment, the building inspector and the township committee.
Article I, Section 8 of the United States Constitution provides that "the Congress shall have power * * * to establish Post Offices * * *."
Pursuant to this, Congress adopted Title 39 of the U.S. Code which establishes the Post Office Department, with the Postmaster General at its head, and authorizes him to establish such postoffices as he deems necessary. 39 U.S.C., § 701 et seq. Chapter 23 of Title 39 gives the Postmaster General authority to acquire property and, in particular, *183 39 U.S.C., §§ 2102 and 2103 authorize the Postmaster General to lease property for postoffices for a term not to exceed 20 years. No provision of Title 39 provides that the use of any property for a postoffice, whether leased or owned, must comply with any municipal or state requirements with regard to such use.
As was said in Thornton v. Village of Ridgewood, 17 N.J. 499 (1955):
"The need of a public building in a certain location ought to be determined by the federal, state or municipal authority, and its determination on the question of necessary or desirable location cannot be interfered with by a local zoning ordinance." (at p. 513; emphasis added)
In Aviation Services v. Board of Adjustment, Hanover Township, 20 N.J. 275 (1956) the court stated:
"* * * where the immunity from local zoning regulation is claimed by any agency or authority which occupies a superior position in the governmental hierarchy, the presumption is that such immunity was intended in the absence of express statutory language to the contrary. (at p. 282; emphasis added)
In the present case, as can be seen from the foregoing, there is nothing contained in Title 39 of the U.S.C. which dissipates this immunity. Therefore, the question that remains is whether this immunity extends to situations where the Government does not own the land but leases it.
On this point, defendant township committee cites Mayor, etc. of Baltimore v. Linthicum, 170 Md. 245, 183, 531, 533 (Ct. App. 1936), which seems to be directly on point with the present case. In that case the applicant owned a lot in a residential use district which the applicant leased to the United States for a substation postoffice. The opinion deals with Maryland procedure and res judicata and then, as dictum, goes on:
"* * * Specifically, contentions of the owner * * * that application of restrictions of the zoning ordinance of the city would be an unlawful *184 regulation of property of the United States, or interference with the mails, are, in the opinion of this court, closed contentions on the appeal. With respect to this last contention. it may be observed that the property is not owned by the United States; there is only a lease limited to ten years' duration, or the duration of appropriations for rentals, and the lessee has only such property rights as may be derived from the owner. * * * The property is not, therefore, within the exclusive jurisdiction of the United States under the United States Constitution, art. 1, § 8. * * * Any interference of the local police regulations with the mails would be, at most, an indirect one, and to pass on the objection on that ground we should have to consider the rule and the decisions on local regulations interfering only incidentally with federal powers. * * * We do not pass on it because it is foreclosed as stated." (Emphasis added)
Our own Court of Errors and Appeals, in Tim v. City of Long Branch, 135 N.J.L. 549, 554 (E. & A. 1947), decided a case analogous to the present one. In that case, the United States of America acting through the National Housing Agency pursuant to the Lanham Act, leased a private home for a period of seven years in order to renovate the home to provide 15 apartments for emergency housing facilities. The municipal ordinance permitted the renovations only if they contained not less than three nor more than six apartments. The court held that the use of the house by the Government pursuant to the lease was not subject to the zoning requirements of the municipality, principally because the federal statute which authorized the lease of the premises for that purpose provided that the Federal Housing Agency had to consult with local public officials and comply with zoning requirements "so far as may be practicable."
The rationale of the Tim case was:
"* * * The United States Constitution expressly confers on Congress extensive powers to wage war. Article I, Section 8, Clauses 11 to 16, inclusive. The legislation enacted pursuant to these powers becomes the supreme law of the land and supersedes state and local laws in contravention thereto. Article VI, United States Constitution. McCulloch v. Maryland, 4 Wheat., U.S. 316, 4, L.Ed. 579." (Emphasis added)
*185 Crivello v. Board of Adjustment of Borough of Middlesex, 183 F. Supp. 826 (D.C.N.J. 1960), is another case quite similar to the present one. There the Post Office Department planned to erect a postoffice building on a site not owned by it but apparently leased from the owner, and successfully received a building permit and a variance from the municipal board of adjustment. A resident of the municipality attacked the grant of the variance in a prerogative writ action in the Superior Court of New Jersey, Law Division, and the United States Attorney removed the action to the Federal District Court. Chief Judge Smith remanded the action to the state court for reasons concerned solely with the requirements of federal removal jurisdiction. In the course of his opinion, Judge Smith held as follows:
"It is alleged by the plaintiffs that the defendant National Bank of New Jersey is the owner of the proposed site and this allegation is not denied. We note, however, that if the Postmaster General, pursuant to and in the exercise of the authority vested in him by congressional enactment, contemplates the erection of a post office on the proposed site, his authority may not be restricted by local ordinance. Tim v. City of Long Branch, 135 N.J.L. 549, 53 A.2d 164, 171 A.L.R. 320; United States v. City of Chester, 3 Cir., 144 F.2d 415; United States v. City of Philadelphia, D.C., 56 F. Supp. 862, Aff. 3 Cir., 147 F.2d 291. A resort to the municipal board of adjustment would be unnecessary under such circumstances." (at p. 829; emphasis added)
The most recent pronouncement on the question here presented is the 1965 New York Supreme Court case of Incorporated Village of Minneola v. Robert Michael Realty Corp. N.Y.L.J., Dec. 7, 1965, p. 19. In that case, the village sought an injunction against an owner of property within the village boundaries to prevent the use of the premises in violation of the zoning ordinance. The premises were leased to the Government for postoffice purposes. The village claimed that the zoning ordinance was violated in that it was contemplated that designated areas on the premises would be used for parking and not for the maneuvering of trucks, and that the postoffice is operating around *186 the clock every day of the week. The court denied the injunction, stating in part of its opinion:
"A village is not subject to zoning restrictions in the performance of its governmental, as distinguished from its corporate and proprietary activities [citation omitted] and of course this is so because in that aspect of its activities it takes on the immunities of a sovereign. It would seem to follow quite naturally that the state and Federal Government would enjoy the same immunities. (Tim v. City of Long Branch, 135 N.J.L. 549, 53 A.2d 164; cf. Mayo v. United States, 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504)."
From the foregoing this court concludes that the United States Government, whether as owner or lessee, is immune from local zoning ordinances.
Plaintiff's motion for summary judgment on the second count is granted. An order including a declaration that the property involved herein is immune from and not subject to any of the provisions of the zoning and land subdivision ordinances of Princeton Township may be entered.