**MONAL CONSTRUCTION COMPANY and L–D Building Company, a joint venture, Plaintiffs**

v.

**BROOKSIDE LIMITED PARTNERSHIP, a Pennsylvania limited partnership, United States Department of Housing and Urban Development, Mellon Bank, N. A., Federal National Mortgage Association, Government National Mortgage Association, Defendants.**

Civ. A. No. 80–1791.

United States District Court, W. D. Pennsylvania.

May 19, 1982.

---

Stephen J. Laidhold, Lample, Sable & Makoroff, Pittsburgh, Pa., for plaintiffs.

Roger Wiegand, David Fawcett, Daniel Ernsberger, Eleanor Lewis, Asst. Gen. Counsel, Craig McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

TEITELBAUM, District Judge.

The above captioned action was initially filed by Monal Construction Company and L–D Building Company (hereinafter jointly referred to as Monal or the contractor), joint venturers on a construction contract, in the Common Pleas Court of Allegheny County to recover the final payment due on a construction contract. In substance, Monal alleged that Brookside Limited Partnership (hereinafter referred to as Brookside) desired to build a multi-family housing project in Beaver County. Brookside retained Monal to construct the project and arranged financing through Mellon Bank, N.A. (hereinafter referred to as Mellon). Monal alleged that Brookside deposited money with Mellon to be paid to Monal as the construction was completed. Apparently, the money paid into escrow by Brookside represented the difference between the total cost of construction and a construction mortgage issued by Mellon.[1] Additionally, Monal joined the United States Department of Housing and Urban Development (hereinafter referred to as HUD) and the Federal National Mortgage Association (hereinafter referred to as FNMA) as defendants. Monal's theory of liability against these defendants appears to rest on the involvement of these entities in the funding of the construction.

Thereafter, HUD filed a petition for removal citing 28 U.S.C. § 1443.[2] After

1. Plaintiff attached two exhibits to his original complaint. One was an escrow agreement and the other the construction contract. These exhibits suggest that Mellon did issue a mortgage that was insured by the Federal Housing Administration (hereinafter referred to as FHA). However, plaintiff subsequently amended his complaint replacing the exhibits attached to the original complaint with documents signed on a different date. The documents attached to the amended complaint also suggest the issuance of an FHA insured mortgage by Mellon. The Court notes however that Monal alleged that the Federal National Mortgage Association, through the Government National Mortgage Association, agreed to provide funding for the construction. It is unclear to this Court whether this allegation merely is an inartful way to note the existence of FHA insurance or some different involvement. While FHA does not have power to fund construction, only to insure mortgages, *see American Fidelity Insurance Co. v. Construcciones Werl, Inc.,* 407 F.Supp. 164, 170 (D.V.I.1975) plaintiff may allege any factual matter it wishes.

2. That section reads:
§ 1443. Civil rights cases.
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the

careful reflection, this Court is convinced that that statute cannot support jurisdiction. However, reference to that statute may have been a mere typographical error, and the Court feels constrained to consider whether removal would be proper under any other federal statute.[3] It appears to this Court that HUD could have properly invoked jurisdiction under 28 U.S.C. § 1442,[3A] see *Bennett Construction Co. v. Allen Gardens, Inc.*, 433 F.Supp. 825, 832 (W.D.Mo.1977). After the petition for removal was filed, several of the defendants filed motions for more definite statements complaining that the documents attached as exhibits to the original complaint were not the contracts identified in the body of the complaint. Plaintiff apparently conceded that this was true and filed a motion for leave to amend. That motion was granted by this Court and plaintiff filed an amended complaint attaching different exhibits and naming the Government National Mortgage Association (hereinafter referred to as GNMA) as an additional defendant.

The parties appear to have concluded the pleading phase of this case and, in addition to plaintiff's claims against the defendants, several other claims have been made. Brookside has filed a counterclaim against Monal and a crossclaim against HUD alleging that Monal performed inadequately under the contract and that HUD approved that inadequate performance. Brookside has stated an extensive list of deficiencies in the construction and seeks over $300,000.00 on its claim. GNMA has also filed a crossclaim against Brookside seeking indemnity alleging that Mellon assigned $36,900 in the escrow account to GNMA and that, pursuant to instructions from FNMA, GNMA released $33,900 to Brookside to pay Monal and that Brookside has not paid Monal. Brookside has admitted these allegations.

HUD has filed a motion to dismiss all the claims pending against it and avers that the real party in interest is the United States, not HUD; that this Court lacks jurisdiction over this suit; and that there is an absolute defense of sovereign immunity.[4] In the

---

ground that it would be inconsistent with such law.

3. Fed.R.Civ.P. 8 provides, in pertinent part:
   (a) Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim need no new grounds to support it....

   . . . .

   (f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice.

   28 U.S.C. § 1446(a) provides, in pertinent part:
   A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court . . . a verified petition containing a short and plain statement of the facts which entitle him . . . to removal....

   While a petition for removal is not specifically listed in Fed.R.Civ.P. 8 as a pleading required to contain a short and plain statement of jurisdiction and 28 U.S.C. § 1446 does not contain such a requirement explicitly, this Court is unconvinced that a petition for removal is exempt from that requirement. Nonetheless, in an effort to do substantial justice under the circumstances of this case, the Court will consider whether jurisdiction may exist on the facts stated in the petition for removal under a provi-

sion not cited in the petition for removal. There appears to be no prejudice to any party by this analysis since an amendment to cure the defect under 28 U.S.C. § 1653 would appear proper. See, *Harper v. Nat'l Flood Insurers Ass'n*, 494 F.Supp. 234, 236 (M.D.Pa.1980).

3A. This Court's holding that HUD could have relied on § 1442 as a basis for removal jurisdiction is not dispositive of HUD's motion to dismiss for want of federal jurisdiction under the circumstances of this case. As this Court understands it, HUD as the named defendant had the right to rely on the above statute in its petition for removal. HUD now contends that the United States, and not HUD, is the real party in interest and that if the United States is substituted as the real party in interest, then, HUD contends, there is no federal jurisdiction.

   It does not appear that HUD could rely on 28 U.S.C. § 1441 even though it appears that this action was within this Court's original jurisdiction under 28 U.S.C. § 1337. See *Davis v. Romney*, 490 F.2d 1360, 1365 (3d Cir. 1974) because none of the other defendants joined the petition for removal.

4. In its answer HUD suggested that plaintiff's amended complaint was defective for failure to comply with Fed.R.Civ.P. 8(a) which requires a statement of the basis for federal jurisdiction. This Court does not believe that the obligation

alternative, HUD seeks to have this action transferred to the Court of Claims under 28 U.S.C. § 1406(c). GNMA has joined both motions. Brookside opposes these motions and suggests in its brief that this matter be remanded to state court, where the action could be consolidated with one to which Transamerican Insurance Co., the bonding company on this project, is also a party. It is the appropriate disposition of these matters which concerns the Court.

Because the defendants contend this Court lacks jurisdiction because the United States is the real party in interest, the Court must consider that issue first. The defendants, HUD and GNMA, do not contend that it is the United States which is the real party in interest because they lack the capacity to be sued *eo nomine*, rather they contend that the United States is the real party in interest because a judgment if rendered against them, would inevitably have to be satisfied from the public treasury and not from assets segregated from the public treasury and within the exclusive control of HUD or GNMA.[5] In *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) the United States Supreme Court held that if a judgment would have to be paid from the public treasury then the real party in interest is the United States. Whether or not that is what the claims against HUD and GNMA would inevitably require can only be determined after an analysis of each of the claims.

■ Before turning to that analysis, it is convenient to address a contention raised by Brookside. Brookside argues that HUD is in possession of money that has already been segregated from the public treasury, that this money is available to pay any judgment, and that HUD is therefore the real party in interest. Specifically, Brookside points to money in HUD's possession as: the Low and Moderate Income Sponsor Fund, 12 U.S.C. § 1701x; the Mutual Mortgage Insurance Fund, 12 U.S.C. § 1708; the Investment of Funds, 12 U.S.C. § 1712; and the General Insurance Fund, 12 U.S.C. § 1735c. A review of the statutes creating those funds, establishes that each fund was created for a specific purpose and that the monies therein are not generally available for any debt of HUD. Thus unless a claimant on these funds meets the prerequisite for receiving any money from those funds, no money may be paid from them. Cf. *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1131 (9th Cir. 1979). It appears that none of the claims made in the case at bar qualify for distribution from those funds and unless some other source can be identified to pay a judgment, it appears that the action must inevitably be one against the United States.

■ It thus now is important to consider the individual claims. There are two claims pending against HUD: the claim of Monal and the claim of Brookside. The only claim pending against GNMA is that of the plaintiff. Monal seeks to hold HUD jointly and severably liable with the other defendants for $36,900, the sum remaining to be paid on the construction contract. Monal claims that there is a contractual relationship under which HUD owes some duties to Monal. Such a theory of relief was recognized in *Trans-Bay Engineers and Builders, Inc. v. Hills*, 551 F.2d 370 (D.C.Cir.1976). In that case, the contractor had made out a prima

to state the authority for the existence of federal jurisdiction rests on a plaintiff when a defendant causes the action to be removed from state court. Moreover, HUD's own compliance with that rule is not so clear that it should be heard to assert such a complaint at this time. See n. 3, *supra*.

5. The Secretary of HUD, as the successor of the Federal Housing Administrator, has capacity "to sue or be sued in any court of competent jurisdiction, State or Federal" as part of his authority under the National Housing Act.

See, 12 U.S.C. § 1702. Suit against the agency rather than the head of the agency under that section was previously approved in *George H. Evans Co. v. United States*, 169 F.2d 500 (3d Cir. 1948). Similar language creates capacity in GNMA, 12 U.S.C. §§ 1717(a)(2), 1723a(a). In addition to being considered a grant of capacity, the language of these statutes has also been determined to constitute limited grants of sovereign immunity. See, *FHA v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940).

facie case entitling him to recover from HUD the amount "heldback" from the monthly progress payments. However, unlike the present case, HUD had foreclosed on the property and, in the view of the Court of Appeals, HUD would be unjustly enriched if it kept the buildings without paying the contractor who had built them. In *Trans-Bay*, the Court was willing to permit an equitable lien to be attached to the building as security for final payment. Thus, in *Trans-Bay* any final judgment would actually be payable from a tangible *res* in the sole control of HUD—i.e. the buildings—and the United States was not a real party in interest under the rule in *Dugan, supra*. Since in the case at bar there is no allegation of foreclosure, in fact the allegations by Brookside on its claims suggest it is in possession of the project, an identifiable *res* from which HUD would pay a judgment is lacking. Ergo, the real party in interest is the United States. A similar analysis of Brookside's claims against HUD also indicates that the real party in interest is the United States. *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126 (9th Cir. 1979); *DSI Corp. v. Secretary of Housing and Urban Development*, 594 F.2d 177 (9th Cir. 1979), and *American Fidelity Fire Ins. v. Construcciones Werl, Inc.*, 407 F.Supp. 164 (D.V.I.1975). Therefore, the action against HUD will be redesignated as one against the United States and not HUD.

■ However, a different conclusion results from a consideration of the claims against GNMA. As GNMA has itself alleged in its crossclaim against Brookside, it received the escrow account from Mellon and still has $3,000 from the escrow in its possession. The escrow account was created specifically to guarantee payment to the contractor and this money is available to pay a judgment to the contractor-plaintiff if he prevails. Thus GNMA is the real party in interest on the plaintiff's claim against it.

Having determined that the United States should be substituted for HUD, but not for GNMA, it becomes this Court's duty to review the jurisdictional basis of this suit. While this Court noted earlier that HUD could properly have relied on 28 U.S.C. § 1442 in removing this suit, that statute does not provide a jurisdictional basis for suit against the United States. Moreover, this Court is unaware of any statute granting this Court jurisdiction over the United States in these circumstances.

Because the only basis for the exercise of this Court's jurisdiction, 28 U.S.C. § 1442, vanishes with the departure of HUD from this case this Court must consider the appropriate disposition of this case. Two possibilities have been suggested: that this case be transferred to the Court of Claims or remanded to the state court. Because it appears that venue would be improper in the Court of Claims, at least as to Mellon Bank, N.A., 12 U.S.C. § 94, it is inappropriate to transfer the entire action to that forum. The Court has considered transferring the case in part, specifically the claims of Brookside against the United States, to the Court of Claims but deems that to be a futile act which would unnecessarily duplicate an action brought by Brookside in that court against the United States concerning the same common nucleus of operative facts as this action.

The other alternative and the course which this Court must follow is to remand this matter to state court. In remanding this matter to state court, this Court must make one further comment. On April 12, 1982, this Court invited counsel for all parties to attend a status conference. At that time, this Court briefly synopsized the above analysis and noted the possibility that if the case were remanded, then GNMA, having been joined as a party after the removal,[6] would have its first opportunity to remove after the remand and might be able to assert jurisdiction in federal court under 28 U.S.C. § 1442. The Court suggested that the needless process of a re-

**6.** The Court noted that other parties might also have an opportunity to assert some federal

jurisdictional basis for a counterclaim or crossclaim.

mand and another removal should be avoided and ordered that any party or parties desiring to assert some further federal jurisdictional predicate do so prior to April 19, 1982. Only HUD indicated its desire to remain in federal court if it remained a party *eo nomine.* Since it will not, this matter shall be remanded to state court without concern for a later removal.

An appropriate order will issue.

## ORDER

AND NOW, May 19, 1982, upon consideration of the motion to dismiss or in the alternative to transfer by the Department of Housing and Urban Development and the Government National Mortgage Association, IT IS HEREBY ORDERED as follows:

1) The United States of America is substituted for the Department of Urban Development as the real party in interest both on the claim asserted by the plaintiffs and Brookside Limited Partnership;

2) This action is remanded to the Court of Common Pleas of Allegheny County.