**TOWNSHIP OF
MIDDLETOWN, Plaintiff,**

v.

**N/E REGIONAL OFFICE, UNITED
STATES POSTAL SERVICE,
Defendant.**

**Crim. A. No. 84–00185.**

United States District Court,
D. New Jersey.

Jan. 10, 1985.

---

Crummy, Del Deo, Dolan & Purcell by Philip W. Crawford, Newark, N.J., for plaintiff.

U.S. Atty. W. Hunt Dumont by Irene Dowdy, Asst. U.S. Atty., Trenton, N.J., for defendant.

## OPINION

GERRY, District Judge.

### FACTUAL BACKGROUND

The present action was commenced in June 1984 in the Municipal Court of the Township of Middletown. The summons and complaint issued by the Municipal Court named as the defendant the N/E Regional Office of the United States Postal Service. It was served upon Seymour Weiner, an official of the Postal Service, and charges the Postal Service with violations of Township zoning ordinances. In short, the complaint charges that the Postal Service failed to obtain land development permits and necessary approvals prior to attempting to clear the land in question. A verified petition of removal was filed with this court on June 22, 1984.

The parties to the present action have brought before the court two motions: (1) the plaintiff Township of Middletown's motion to remand the proceedings to the Municipal Court of that Township; and (2) defendant Postal Service's motion to dismiss. The court's disposition of each of these motions and the rationale underlying its decision will be discussed in turn. As a preliminary matter, it should be noted that the only defendant named in the caption of the case is the "N/E Regional Office, United States Postal Service." In addition, the Township of Middletown asserts in its brief that the action is brought only against the

Postal Service, and that it has no intention of prosecuting Seymour Weiner. Consequently, the court will operate on the assumption that the Postal Service is the sole defendant and, thus, that the arguments about the propriety of removal and the immunity from zoning regulations as they relate to Seymour Weiner need not be considered.

### A. The Propriety of Removal

■ Addressing ourselves to the first question, which counsel for the Township has quite properly noted we must do, the Township of Middletown contends that the action against the Postal Service was improperly removed to this court, and that it should be remanded for disposition in the Municipal Court of Middletown. According to the Township, no valid basis exists for granting the removal. The court disagrees and finds that the Township advocates an unnecessarily narrow reading of the relevant removal statutes. Even assuming that the Township was correct in claiming that there is no federal question in the case and, thus, that sections 1331 and 1441 of U.S. title 28 cannot support removal—a question not addressed by the court—removal is proper under 28 U.S.C. § 1442(a)(1) and 39 U.S.C. § 409.

39 U.S.C. § 409, a portion of the Postal Reorganization Act, states that "[a]ny action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28." According to the Township, this statute does not create an independent ground for removal from a state court to federal court; rather, it is argued, the power and jurisdiction to remove the case must be found in the provisions of title 28. In support of its proposition, the Township cites *Jones Store Co. v. Hammons*, 424 F.Supp. 494 (D.C.Mo.1977), which refused to read § 409 as the source of an independent basis for removal. The court in *Jones Store*, however, failed to provide any explanation or discussion of its conclusion. It did not consider the legislative history of

the statute, nor did it examine the plain language of the Act. Even a cursory examination of the language and history of § 409 demonstrates that the *Jones Store* court incorrectly interpreted the statute. Several legislative reports[1] state, without limitation, that actions against the Postal Service in state courts may be removed to the federal courts. Section 409 itself speaks of the removal of *any* action brought against the Postal Service. While § 409 also states that the removal is to be "under the provisions of chapter 89 of title 28," there is no indication that this refers to the *grounds* for removal. It is far more plausible that the quoted language refers to the *procedures* for removal set forth in § 1446 *et seq.*

Even if the court in *Jones Store* were correct in its interpretation of § 409, however, there exists a second valid basis for granting removal in this case. Several courts have held that a federal agency may remove an action from state to federal court under the provisions of § 1442(a)(1).[2] According to that statute, "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ..." may remove a civil action or a criminal prosecution commenced in state court. While the express language could permissibly be interpreted either to allow or disallow removal by a federal agency, the broader interpretation of the statute to allow removal by agencies is more consistent with the intent of Congress to protect the valid exercise of federal authority. 14 Wright, Miller and Cooper *Federal Practice and Procedure* § 3727. Since the conduct which formed the basis of this criminal action, the clearing of land for the construction of a post office facility, was clearly performed under color of federal authority, the provisions of § 1442(a)(1) apply and removal is authorized.

### B. *Applicability of Local Zoning Regulations to the Postal Service*

■ Turning now to the applicability of local zoning regulations to the Postal Service, it is well established that the doctrine of federal supremacy protects the legitimate activities of the United States Government from regulation by state and local authorities. *See, e.g., Mayo v. United States,* 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504 (1943). The effect of this principle, which derives from the Supremacy Clause, Article VI, Clause 2 of the Constitution, is that unless Congress clearly and affirmatively declares that federal instrumentalities shall be subject to state regulation, the federal function must be left free of such regulation. *Hancock v. Train,* 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). In the case at bar, the Township of Middletown has not brought to this court's attention any evidence of congressional intent to subject federal instrumentalities such as the Postal Service to local zoning regulations.

■ The question of the applicability of municipal zoning regulations to the Postal Service was raised in *Crivello v. Board of Adjustment of the Borough of Middlesex,* 183 F.Supp. 826 (D.N.J.1960). Although the holding of that case did not turn on a resolution of this question, the court noted that "if the Postmaster General, pursuant to and in the exercise of the authority vested in him by congressional enactment, contemplates the erection of a post office on the proposed site, his authority may not be restricted by local ordinance." *Id.* at 829. The state courts in New Jersey are in agreement on this point. In *Thornton v. Village of Ridgewood,* 17 N.J. 499, 111 A.2d 899 (1955), the court stated that "[t]he need of a public building in a certain location ought to be determined by the federal,

1. H.R.Rep. No. 91–1104, 91st Cong.2d Sess. 26 (1970), U.S.Code Cong. & Admin.News 1970, p. 3649; H.R.Rep. No. 91–988, 91st Cong.2d Sess. 29 (1970); H.R. 11750, Recommendation of the President of the United States, Committee on Post Office and Civil Service, Print No. 8, 91st Cong., 1st Sess. 157 (1969).

2. *See, e.g., IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152 (5th Cir.1982); *Monal Construction Company v. Brookside Limited Partnership,* 539 F.Supp. 478 (W.D.Pa.1982).

state or municipal authority, and its determination on the question of necessary or desirable location cannot be interfered with by a local zoning ordinance." *Id.* at 513, 111 A.2d 899. Additionally, the court in *Thanet Corp. v. Township of Princeton,* 104 N.J.Super. 180, 249 A.2d 31 (Law Div. 1969), *aff'd,* 108 N.J.Super. 65, 260 A.2d 1 (App.Div.1969), found that the authority of the Post Office Department to acquire and use property for post office purposes was not subject to compliance with municipal or state regulations. Thus, the relevant authorities establish that the Postal Service is not bound to observe the land use regulations of Middletown Township. Accordingly, the present criminal action against the Postal Service must be dismissed.

In sum then, the court finds that the removal of this action from state to federal court was properly granted. However, since the defendant Postal Service is not subject to the municipal land use regulations of Middletown Township, the criminal action based on an alleged violation of such regulations must be dismissed. The court has entered an order consistent with this opinion.