OPINION OF THE COURT
Joseph Harris, J.
Plaintiff moves for summary judgment in this action for a judgment declaring that the Town of Bethlehem’s zoning laws and land use regulations are inapplicable to plaintiff’s construction project and enjoining defendant from interfering with said construction project.
The facts in this case are conceded. In December of 1989 the United States Postal Service solicited bids for real estate for a *231 new branch post office to be located in the Town of Bethlehem. Plaintiff is the owner of certain real property located at the intersection of Routes 85 and 140 in the Town of Bethlehem, which property is in an area given priority consideration by the United States Postal Service for location of its branch facility. On January 11, 1990, plaintiff submitted a proposal for construction of a branch post office pursuant to plans provided by the Postal Service, on the property owned by the plaintiff. Plaintiff’s proposal was accepted and on June 22, 1990, plaintiff and the Postal Service entered into an agreement to lease with respect to plaintiff’s property.
Pursuant to the agreement to lease, title to the property would remain in the plaintiff. Upon completion of the proposed construction, the Postal Service agreed to lease the property for a minimum period of 15 years, with four options to renew, each for a period of five years. The contract also provided that the Postal Service would have options to buy plaintiff’s property, at set prices, at various times during the base lease and renewal terms.
On June 25, 1990, plaintiff applied to the Town of Bethlehem Building Department for a building permit authorizing construction of the proposed postal facility. By letter dated June 26, 1990, the Town of Bethlehem Building Inspector denied plaintiff’s permit application on the ground that the proposed project was not a "permitted use” at plaintiff’s site. Plaintiff’s property lies within an "A” and "AA” residential zone which allows for "one family homes only.” The Building Inspector further advised that before a building permit could issue, plaintiff would have to apply for either a "zone change to 'CCC’, Commercial Services District” or apply for a use variance and "submit for site plan approval to the Planning Board.”
Plaintiff received final approval to proceed with construction from the United States Postal Service on July 23,1990.
Plaintiff contends that the project to construct a new postal facility is not subject to State and local zoning and land use regulations on supremacy grounds. The defendant contends that plaintiff, a private landowner, is not cloaked with Federal immunity. The court finds defendant’s argument unpersuasive.
"[I]t is well established that the doctrine of federal supremacy protects the legitimate activities of the United States Government from regulation by state and local authorities. *232 See, e.g., Mayo v. United States, 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504 (1943). The effect of this principle, which derives from the Supremacy Clause, Article VI, Clause 2 of the Constitution, is that unless Congress clearly and affirmatively declares that federal instrumentalities shall be subject to state regulation, the federal function must be left free of such regulation.” (Township of Middletown v N/E Regional Off., U.S. Postal Serv., 601 F Supp 125, 127; see, State of Alabama v Bowsher, 734 F Supp 525.)
Article I, §8 (7) of the US Constitution expressly provides that "The Congress shall have Power * * * [t]o establish Post Offices”. Pursuant to this express grant of authority, Congress adopted title 39 of the United States Code which established the Postal Service, with the Postmaster General at its head, and authorizes him "to establish and maintain postal facilities of such character and in such locations” as he deems necessary. (39 USC § 403 [b] [3].) Moreover, section 401 of the Postal Reorganization Act specifically gives the Postal Service the power to lease property, buildings and other facilities for postal purposes as it deems necessary. (39 USC § 401.)
In the case at bar, the Town of Bethlehem has not brought to the court’s attention any evidence of congressional intent to subject Federal instrumentalities such as the Postal Service to local zoning regulations, whether the property acquired for Federal purposes be leased or owned. To the contrary, those courts which have addressed the issue have uniformly concluded that where "the Postmaster General, pursuant to and in the exercise of the authority vested in him by congressional enactment, contemplates the erection of a post office on the proposed site, his authority may not be restricted by local ordinance.” (Crivello v Board of Adj., 183 F Supp 826, 829.) This is so even where the postal facility is located on property owned by a private citizen and leased to the Postal Service. (See, Thanet Corp. v Board of Adj., 104 NJ Super 180, 249 A2d 31, affd 108 NJ Super 65, 260 A2d 1, certification denied 55 NJ 360, 262 A2d 207, where the court held that immunity from local zoning ordinances which extends to the United States in establishing a post-office facility applies whether the Postal Service owns or leases the land; Durkin v Board of Appeals, 21 Mass App 450, 488 NE2d 6, where the court recognized that a use of property under a lease for a proper Federal purpose is immune from application of local land use regulations; Crivello v Board of Adj., supra; 27 Opns St Comp, 1971, at 50, holding that "A United States post office may be *233 constructed by and leased from a private owner in a residential area of a town.”)
The conclusion that property leased by the Postal Service for construction of a postal facility is not subject to State and local zoning and land use regulation is consistent with prevailing principles of Federal supremacy. The Postal Reorganization Act in direct and unmistakable terms gives the Postal Service the discretion to either purchase or lease real property in furtherance of its mission of providing postal services to our Nation. To impose the impediment of State and local zoning and land use regulation upon the Postal Service’s discretion, in cases where the Postal Service has determined that a lease arrangement would be most appropriate, would result in a direct and unauthorized intrusion upon the United States Government’s power to select the location and manner of site acquisition for necessary postal facilities. Consequently, the court finds that plaintiff’s project to construct a building on privately owned land, for use as a post office, pursuant to a lease agreement with the United States Postal Service, is immune from State and local zoning and land use regulations.
Accordingly, for the foregoing reasons plaintiff’s motion for summary judgment is hereby granted and plaintiff is granted judgment declaring that plaintiff’s construction of a facility that will be leased to and used exclusively by the United States Postal Service is immune from and not subject to the Town of Bethlehem and State zoning and land use laws so long as the facility is used for Federal purposes.*
The Town of Bethlehem is further enjoined from implementing State and local zoning and land use regulations with respect to plaintiff’s construction of the branch post office on plaintiff’s property located at the intersection of Routes 85 and 140 in the Town of Bethlehem.

 Should plaintiff’s property cease to be used for postal purposes, the immunity from municipal ordinances would no longer exist and plaintiff could then be compelled to bring his property into compliance with the applicable State and local laws. (Matter of Board of Coop. Educ. Servs. v Gaynor, 60 Misc 2d 316, 321 [Wachtler, J., 1969].)